## John Whalen, Defendant in Error, v. Cornelius J. Mc= Grath, Plaintiff in Error.

## Gen. No. 16,252.

MASTER AND SERVANT—*when doctrine of assumed risk applies.* A servant assumes not only the ordinary risks incident to his employment, but also all dangers which are obvious and apparent and if he voluntarily enters or continues in the service knowing or having means of knowing its dangers, he is deemed to have assumed the risks and to have waived all claims against the master for damages in case of personal injury resulting from such dangers.

Error to the Municipal Court of Chicago; the HON. MCKENZIE CLELAND, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed. Opinion filed February 6, 1912.

RALPH F. POTTER and WILLIAM J. WELDON, for plaintiff in error.

E. M. SEYMOUR, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

John Whalen, the defendant in error, brought suit against Cornelius J. McGrath, the plaintiff in error, in the Municipal Court of Chicago, for damages on account of injuries alleged . to have been received through the negligence of the latter. The case was tried before the court without a jury and judgment entered in favor of the defendant in error for $225.00.

We take the following statement of facts from the brief of the defendant in error:

"On March 31, 1909, defendant in error was an employe of plaintiff in error, who was a contractor of interior decoration of houses in Chicago, and employed one Edward Golden as foreman, who had charge of the defendant in error, in the paper hanging, painting and calcimining of different houses through the city, and on the day in question at about 3 p. m. Whalen was finishing a job on Sedgwick street. Golden came to him and ordered him to proceed at once to 290 Huron street, where another job was awaiting him. About one week prior to that Golden had taken measurements of the rooms to be decorated there and had seen the pantry in which work was to be done by defendant. When he thus ordered Whalen to work there a driver for McGrath by the name of Salomon came and the following conversation was had between the three:

"Salomon said: 'There are two men working at 290 Huron street and there is no scaffolding.' Golden said: 'Whalen, go over there right away and finish the day and report there in the morning.' Whalen said, 'There is no scaffolding; what shall I do?' Golden answered, 'Start to work in the pantry.' And the question was put to him:

" 'Q. You expected him to use the shelf as a scaffold? A. He is naturally supposed to do the best he can.'

"Defendant in error obeyed and went to work in the pantry; he calcimined the ceiling, using the shelves of the pantry as scaffolds to elevate himself. While stepping down from the upper ones he stepped on one board 18 inches up from the floor, which broke and he fell, his right shoulder striking the door jamb, which fall caused sub-clavicular dislocation of the right shoulder, the effects of which resulted in his remaining about five weeks idle and paid $65 for medicine and surgical operation, during which time he suffered great pain and the injury may be permanent.

"The boards on which he stood seemed to be only three feet long. There was no evidence offered on

the part of plaintiff in error.''

We think this statement of facts presents the case as favorably to the defendant in error as the record warrants.

We know of no rule of law which under the circumstances warranted the finding and judgment. It cannot be said that the shelves in the pantry were appliances furnished by the master, and there is no proof that the plaintiff in error directed him to use the shelf as a scaffold. The defendant in error evidently considered this a convenient way in which to get at his work and adopted it. Under such circumstances the master is not liable. A servant assumes not only the ordinary risks incident to his employment, but also all dangers which are obvious and apparent; and if he voluntarily enters or continues in the service, knowing, or having means of knowing, its dangers, he is deemed to have assumed the risks and to have waived all claims against the master for damages in case of personal injury resulting from such dangers. McCormick Machine Co. v. Zakzewski, 220 Ill. 522.

The judgment will be reversed.

*Judgment reversed.*